IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DANA BUSSELL and | : | |
| B. CLAYTON BUSSELL, | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | FILE NO. 1:2012-cv-00129 |
| vs. | : | |
| | : | |
| AMERICAN HOME MORTGAGE | : | |
| SERVICING, INC., FIELD ASSET | : | |
| SERVICES, INC., and MICHAEL | : | |
| ENVIRONMENTAL, LLC, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

**FIRST AMENDMENT TO ANSWER AND DEFENSES OF DEFENDANT
FIELD ASSET SERVICES, LLC TO PLAINTIFFS' COMPLAINT**

COMES NOW Field Asset Services, LLC incorrectly named as Field Asset

Services, Inc. ("FAS" or "Defendant"), a named Defendant herein, by and through

undersigned counsel, and files this its First Amendment to its Answer and

Defenses to the original Complaint (the "Complaint") filed by DANA BUSSELL

AND B. CLAYTON BUSSELL, Plaintiffs in the above-styled civil action

("Plaintiffs"), respectfully asserting defenses and answering Plaintiffs' allegations

contained in the Complaint as follows:

## FIRST DEFENSE

The Complaint is barred due to lack of jurisdiction over Defendant.

## SECOND DEFENSE

The Complaint is barred due to improper venue.

## THIRD DEFENSE

The Complaint is barred due to insufficiency of process.

## FOURTH DEFENSE

The Complaint is barred due to insufficiency of service of process.

## FIFTH DEFENSE

The Complaint is barred due to failure to state a claim upon which relief can be granted.

## SIXTH DEFENSE

The Complaint is barred because Plaintiffs have failed to specifically plead their averments of fraud.

## SEVENTH DEFENSE

The Complaint is barred by the doctrines of laches, estoppel, and unclean hands.

**EIGHT DEFENSE**

The Complaint is barred by the doctrines of affirmation, ratification and/or waiver.

**NINTH DEFENSE**

The Complaint is barred due to Plaintiffs' failure to tender amounts due including those admittedly due.

**TENTH DEFENSE**

The Complaint is barred because any damage sustained by Plaintiffs was caused in whole or in part by the actions or inactions of Plaintiffs or others, but not by the actions or inactions of Defendant.

**ELEVENTH DEFENSE**

The Complaint is barred because Plaintiffs are not entitled to the relief requested, as a grant of any such relief would be an unjust enrichment to Plaintiffs.

**TWELFTH DEFENSE**

The Complaint is barred because Plaintiffs are not entitled to the relief requested due to their failure to mitigate and lessen damages, if any, as required by law.

## THIRTEENTH DEFENSE

The Complaint is barred in whole or in part by the applicable statute of limitations.

## FOURTEENTH DEFENSE

The Complaint is barred due to lack of standing.

## FIFTEENTH DEFENSE

Without waiving any rights, defenses, and objections, Defendant answers the Complaint as follows:

1.

In response to the allegations contained in paragraph 1(a) of the Complaint, Defendant states that it is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations, and therefore can neither admit nor deny same.

2.

In response to the allegations contained in paragraph 1(b) of the Complaint, Defendant states that it is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations, and therefore can neither admit nor deny same.

3.

Defendant admits the allegations contained in paragraph 1(c) of the Complaint.

4.

In response to the allegations contained in paragraph 1(d) of Plaintiffs' Complaint, Defendant states that it is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations, and therefore can neither admit nor deny same.

5.

The allegations contained in Paragraph 2 of the Complaint reference statutes that speak for themselves and, therefore, require no response. To the extent such a response is required, said allegations are denied.

6.

The allegations contained in Paragraph 3 of the Complaint contain legal conclusions and, therefore, require no response. To the extent such a response is required, said allegations are denied.

7.

Defendant denies as stated the allegations contained in Paragraph 4 of the Complaint.

8.

Defendant denies as stated the allegations contained in Paragraph 5 of the Complaint.

9.

The allegations contained in Paragraph 6 of the Complaint reference statutes which speak for themselves and, therefore require no response.  To the extent such a response is required, said allegations are denied as stated.

10.

Defendant denies as stated the allegations contained in Paragraph 7 of the Complaint as stated.

11.

Defendant denies as stated the allegations contained in Paragraph 8 of the Complaint.

12.

Defendant denies as stated the allegations contained in Paragraph 9 of the Complaint.

13.

Defendant denies the allegations contained in Paragraph 10 of the Complaint.

14.

Defendant denies the allegations contained in Paragraph 11 of the Complaint.

15.

Defendant denies as stated the allegations contained in Paragraph 12 of the Complaint.

16.

Defendant denies as stated the allegations contained in Paragraph 13 of the Complaint.

17.

Defendant denies as stated the allegations contained in Paragraph 14 of the Complaint.

18.

Defendant denies the allegations contained in Paragraph 15 of the Complaint. Defendant denies that Plaintiffs are entitled to the relief sought in Paragraph 15 of the Complaint or otherwise.

19.

Defendant restates and re-asserts Paragraphs 1-18 as if set forth fully herein and deny the remaining allegations contained in Paragraph 16 of the Complaint.

20.

Defendant denies the allegations contained in Paragraph 17(a) of the Complaint.

21.

Defendant denies the allegations contained in Paragraph 17(b) of the Complaint.

22.

In response to the allegations contained in Paragraph 18 of the Complaint, Defendant admits only Field Asset Services, Inc. is a company that provides property preservation services. Defendant denies the remaining allegations contained in Paragraph 18 of the Complaint as stated.

23.

Defendant denies as stated the allegations contained in Paragraph 19 of the Complaint.

24.

Defendants deny as stated the allegations contained in Paragraph 20 of the Complaint.

25.

Defendant denies as stated the allegations contained in Paragraph 21 of the Complaint as stated.

26.

The allegations contained in Paragraph 22 of the Complaint reference a statute which speaks for itself and, therefore, require no response. To the extent such a response is required, said allegations are denied.

27.

Defendant denies as stated the allegations contained in Paragraph 23 of the Complaint as stated.

28.

Defendant is without sufficient knowledge and information as to either admit or deny the allegations contained in Paragraph 24 of the Complaint.

29.

Defendant denies as stated the allegations contained in Paragraph 25 of the Complaint as stated.

30.

Defendant denies the allegations contained in Paragraph 26 of the Complaint.

31.

Defendant denies as stated the allegations contained in Paragraph 27 of the Complaint.

32.

Defendant denies the allegations contained in Paragraph 28 of the Complaint.

33.

Defendant denies the allegations contained in Paragraph 29 of the Complaint. Defendant further denies that Plaintiffs are entitled to the relief sought in Paragraph 29 of the Complaint or otherwise.

34.

Defendant denies the allegations contained in Paragraph 30 of the Complaint. Defendant further denies that Plaintiffs are entitled to the relief sought in Paragraph 30 of the Complaint or otherwise.

35.

The allegations contained in Paragraph 31 of the Complaint contain a legal conclusion. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

36.

The allegations contained in Paragraph 32 of the Complaint contain a legal conclusion. Defendant denies the allegations contained in Paragraph 32 of the Complaint.

37.

The allegations contained in Paragraph 33 of the Complaint contain a legal conclusion. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

38.

Defendant restates and re-asserts Paragraphs 1-37 as if set forth fully herein.

39.

The allegations contained in Paragraph 35 of the Complaint contain a legal conclusion. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

40.

Defendant denies the allegations contained in Paragraph 36 of the Complaint.

41.

Defendant denies the allegations contained in Paragraph 37 of the Complaint.

42.

Defendant denies the allegations contained in Paragraph 38 of the Complaint.

43.

Defendant denies the allegations contained in Paragraph 39 of the Complaint.

44.

Defendant denies the allegations contained in Paragraph 40 of the Complaint. Defendant further denies that Plaintiffs are entitled to the relief sought in Paragraph 40 of the Complaint or otherwise.

45.

Defendant restates and re-asserts Paragraphs 1-44 as if set forth fully herein.

46.

Defendant denies the allegations contained in Paragraph 42 of the Complaint as stated.

47.

Defendant denies the allegations contained in Paragraph 43 of the Complaint.

48.

Defendant denies the allegations contained in Paragraph 44 of the Complaint.

49.

Defendant denies the allegations contained in Paragraph 45 of the Complaint.

50.

Defendant denies the allegations contained in Paragraph 46 of the Complaint. Defendant further denies that Plaintiffs are entitled to the relief sought in Paragraph 46 of the Complaint or otherwise.

51.

Defendant restates and re-asserts Paragraphs 1-50 as if set forth fully herein.

52.

The allegations contained in Paragraph 48 of the Complaint contain a legal conclusion and, therefore, require no response. To the extent such a response is required, said allegations are denied.

53.

The allegations contained in Paragraph 49 of the Complaint contain a legal conclusion. Defendant denies the allegations contained in Paragraph 49 of the Complaint.

54.

Defendant denies the allegations contained in Paragraph 50 of the Complaint.

55.

Defendant denies the allegations contained in Paragraph 51 of the Complaint.

56.

Defendant denies the allegations contained in Paragraph 52 of the Complaint.

57.

Defendant denies the allegations contained in Paragraph 53 of the Complaint. Defendant further denies that Plaintiffs are entitled to the relief sought in Paragraph 53 of the Complaint or otherwise.

58.

Defendant denies any and all allegations not specifically admitted herein.

59.

Defendant denies Plaintiff is entitled to relief sought in the Complaint or otherwise.

## SIXTEENTH DEFENSE

The Complaint is barred in whole or in part by the doctrine of res judicata.

## SEVENTEENTH DEFENSE

The Complaint is barred in whole or in part by the application of the bona fide error defense pursuant to Georgia Code section 10-1-400, et seq. and/or 16 U.S.C.A § 1692k(c).

WHEREFORE, having fully answered the Complaint, Defendant FIELD ASSET SERVICES, LLC prays that this Honorable Court will:

(A)   Dismiss the Complaint with prejudice upon any affirmative defense set forth in the Answer or otherwise;

(B)   Deny Plaintiffs' requests for relief including but not limited to their request for equitable and/or injunctive relief;

(C)   Charge all costs against Plaintiffs; and

(D)   Grant such other and further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED, this 9th day of May, 2012.

____/s/ Jeffrey M.  Wasick_____
Matthew G. Moffett
State Bar No.: 515323
Jeffrey M. Wasick
State Bar No.: 778423
Attorneys for Defendant Field Asset
Services, LLC incorrectly named as Field
Asset Services, Inc.

**GRAY, RUST, ST. AMAND,
MOFFETT & BRIESKE, L.L.P.**
1700 Atlanta Plaza
950 East Paces Ferry Road
Atlanta, Georgia 30326
Telephone:   (404) 870-7390
Facsimile:   (404) 870-1030
E-mail:       mmoffett@grsmb.com
              jwasick@grsmb.com

## <u>CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 5.1.C(3)</u>

I hereby certify that the above document complies with Local Rule 5.2.C(3), in that the type font used is Times New Roman 14 point, and more than ten (10) characters per inch.

_____/s/ Jeffrey M. Wasick_____
Matthew G. Moffett
State Bar No.: 515323
Jeffrey M. Wasick
State Bar No.: 778423
Attorneys for Defendant Field Asset
Services, LLC incorrectly named as Field
Asset Services, Inc.

**GRAY, RUST, ST. AMAND,
MOFFETT & BRIESKE, L.L.P.**
1700 Atlanta Plaza
950 East Paces Ferry Road
Atlanta, Georgia 30326
Telephone:  (404) 870-7390
Facsimile:   (404) 870-1030
E-mail:        mmoffett@grsmb.com
                  jwasick@grsmb.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a copy of the **FIRST AMENDMENT TO ANSWER AND DEFENSES OF DEFENDANT FIELD ASSET SERVICES, LLC TO PLAINTIFFS' COMPLAINT** upon all counsel of record VIA CM/ECF:

Charles B. Pekor, Jr., Esq.
David Cox, Esq.
Pekor & Associates LLC
Suite 325
Atlanta, Georgia 30305
*Counsel for Plaintiffs*

Elizabeth A. George
ALDRIDGE CONNORS, LLP
Fifteen Piedmont Center
3575 Piedmont Road, NE
Suite 500
Atlanta, Georgia 30305

Respectfully submitted this  9th  day of May, 2012.

        *___/s/ Jeffrey M.  Wasick_____*
        Matthew G. Moffett
        State Bar No.: 515323
        Jeffrey M. Wasick
        State Bar No.: 778423
        Attorneys for Defendant Field Asset
        Services, LLC incorrectly named as Field
        Asset Services, Inc.

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**
1700 Atlanta Plaza
950 East Paces Ferry Road
Atlanta, Georgia 30326
Telephone:  (404) 870-7390
Facsimile:  (404) 870-1030
E-mail:        mmoffett@grsmb.com
                 jwasick@grsmb.com