**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA**

| | | |
|---|---|---|
| **DANA BUSSELL and** | ) | |
| **B. CLAYTON BUSSELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **FEDERAL COURT** |
| | ) | **CASE NO.:** |
| **v.** | ) | |
| | ) | **1:12-cv-0129-JEC-AJB** |
| **AMERICAN HOME MORTGAGE,** | ) | |
| **SERVICING, INC., FIELD ASSET** | ) | |
| **SERVICES, INC., and MICHAEL** | ) | |
| **ENVIRONMENTAL, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**DEFENSES AND ANSWER OF DEFENDANT HOMEWARD
RESIDENTIAL, INC. f/k/a AMERICAN HOME MORTGAGE SERVICING,
INC. TO PLAINTIFFS' AMENDED COMPLAINT**

COMES NOW, HOMEWARD RESIDENTIAL, INC. f/k/a AMERICAN

HOME MORTGAGE SERVICING, INC.[1] ("HRI" or "Defendant"), a named

Defendant herein, by and through the undersigned counsel, and files this its

Defenses and Answer to the Amended Complaint (the "Amended Complaint")

filed by DANA BUSSELL and B. CLAYTON BUSSELL, Plaintiffs in the above-

styled civil action ("Plaintiffs"), respectfully asserting defenses and answering

Plaintiffs' allegations contained in the Amended Complaint as follows:

---

[1] On May 29, 2012, American Home Mortgage Servicing, Inc. became Homeward Residential, Inc.

## FIRST DEFENSE

The Amended Complaint is barred due to lack of jurisdiction over Defendant.

## SECOND DEFENSE

The Amended Complaint is barred due to improper venue.

## THIRD DEFENSE

The Amended Complaint is barred due to insufficiency of process.

## FOURTH DEFENSE

The Amended Complaint is barred due to insufficiency of service of process.

## FIFTH DEFENSE

The Amended Complaint is barred due to failure to state a claim upon which relief can be granted.

## SIXTH DEFENSE

The Amended Complaint is barred because Plaintiffs have failed to specifically plead their averments of fraud.

## SEVENTH DEFENSE

The Amended Complaint is barred by the doctrines of laches, estoppel, and unclean hands.

**EIGHTH DEFENSE**

The Amended Complaint is barred by the doctrines of affirmation, ratification and/or waiver.

**NINTH DEFENSE**

The Amended Complaint is barred due to Plaintiffs' failure to tender amounts due including those admittedly due.

**TENTH DEFENSE**

The Amended Complaint is barred because any damage sustained by Plaintiffs was caused in whole or in part by the actions or inactions of Plaintiffs or others, but not by the actions or inactions of Defendant.

**ELEVENTH DEFENSE**

The Amended Complaint is barred because Plaintiffs are not entitled to the relief requested, as a grant of any such relief would be an unjust enrichment to Plaintiffs.

**TWELFTH DEFENSE**

The Amended Complaint is barred because Plaintiffs are not entitled to the relief requested due to their failure to mitigate and lessen damages, if any, as required by law.

**THIRTEENTH DEFENSE**

The Amended Complaint is barred in whole or in part by the applicable statute of limitations.

**FOURTEENTH DEFENSE**

The Amended Complaint is barred due to lack of standing.

**FIFTEENTH DEFENSE**

The Amended Complaint is barred by judicial estoppel.

**SIXTEENTH DEFENSE**

The Amended Complaint is barred by res judicata.

**SEVENTEENTH DEFENSE**

Without waiving any rights, defenses, and objections, Defendant answers the Amended Complaint as follows:

1.

Defendant is without sufficient knowledge and information as to either admit or deny the allegations contained in Paragraph 1(a) of the Amended Complaint.

2.

Defendant admits the allegations contained in the Paragraph 1(b) of the Amended Complaint.  However, AHMSI is now known as Homeward Residential Inc.

3.

Defendant is without sufficient knowledge and information as to either admit or deny the allegations contained in Paragraph 1(c) of the Amended Complaint.

4.

Defendant is without sufficient knowledge and information as to either admit or deny the allegations contained in Paragraph 1(d) of the Amended Complaint.

5.

The allegations contained in Paragraph 2 of the Amended Complaint reference statutes that speak for themselves and, therefore, require no response. To the extent such a response is required, said allegations are denied.

6.

The allegations contained in Paragraph 3 of the Amended Complaint contain legal conclusions and, therefore, require no response. To the extent such a response is required, said allegations are denied.

7.

Defendant is without sufficient knowledge and information to either admit or deny the allegations contained in Paragraph 4 of the Amended Complaint.

8.

The allegations contained in Paragraph 5 of the Amended Complaint reference documents which speak for themselves and, therefore, require no response.  To the extent such a response is required, said allegations are denied as stated.   Defendant denies as stated the remaining allegations contained in Paragraph 5 of the Amended Complaint.

9.

The allegations contained in Paragraph 6 of the Amended Complaint reference statutes which speak for themselves and, therefore, require no response. To the extent such a response is required, said allegations are denied as stated. Defendant denies as stated the remaining allegations contained in Paragraph 6 of the Amended Complaint.

10.

Defendant denies as stated the allegations contained in Paragraph 7 of the Amended Complaint as stated.

11.

Defendant denies as stated the allegations contained in Paragraph 8 of the Amended Complaint.

12.

Defendant denies as stated the allegations contained in Paragraph 9 of the

Amended Complaint.

13.

Defendant denies the allegations contained in Paragraph 10 of the Amended Complaint.

14.

Defendant denies the allegations contained in Paragraph 11 of the Amended Complaint.

15.

Defendant denies as stated the allegations contained in Paragraph 12 of the Amended Complaint.

16.

Defendant denies as stated the allegations contained in Paragraph 13 of the Amended Complaint.

17.

Defendant denies as stated the allegations contained in Paragraph 14 of the Amended Complaint.

18.

Defendant restates and re-asserts Paragraphs 1-17 as if set forth fully herein.

19.

Defendant denies the allegations contained in Paragraph 15 of the Amended Complaint. Defendant further denies that Plaintiffs are entitled to the relief sought in Paragraph 15 of the Amended Complaint or otherwise.

20.

Defendant restates and re-asserts Paragraphs 1-19 as if set forth fully herein.

21.

Defendant denies as stated the allegations contained in Paragraph 16 of the Amended Complaint.  Defendant further denies that Plaintiffs are entitled to the relief sought in Paragraph 16 of the Amended Complaint or otherwise.

22.

Defendant restates and re-asserts Paragraphs 1-21 as if set forth fully herein. The allegations contained in Paragraph 17 of the Amended Complaint contain legal conclusions and, therefore, require no response.  To the extent such a response is required, said allegations are denied.

23.

Defendant restates and re-asserts Paragraphs 1-22 as if set forth fully herein. Defendant denies all remaining allegations contained in Paragraph 18 of the Amended Complaint.

24.

Defendant denies all allegations contained in Paragraph 19 of the Amended Complaint.  Defendant further denies that Plaintiffs are entitled to any of the relief sought in Paragraph 19 of the Amended Complaint or otherwise.

25.

Defendant denies as stated allegations contained in Paragraph 20 of the Amended Complaint.

26.

Defendant denies as stated the allegations contained in Paragraph 21 of the Amended Complaint.

27.

Defendant denies as stated the allegations contained in Paragraph 22 of the Amended Complaint.

28.

Defendant denies as stated the allegations contained in Paragraph 23 of the Amended Complaint as stated.

29.

The allegations contained in Paragraph 24 of the Amended Complaint reference a statute which speaks for itself and, therefore, require no response.  To the extent such a response is required, said allegations are denied.

30.

Defendant denies as stated the allegations contained in Paragraph 25 of the Amended Complaint.

31.

Defendant is without sufficient knowledge and information as to either admit or deny the allegations contained in Paragraph 26 of the Amended Complaint.

32.

The allegations contained in Paragraph 27 of the Amended Complaint contain legal conclusions and, therefore, require no response.  To the extent such a response is required, said allegations are denied.

33.

The allegations contained in Paragraph 28 of the Amended Complaint contain legal conclusions and, therefore, require no response.  To the extent such a response is required, said allegations are denied.

34.

The allegations contained in Paragraph 29 of the Amended Complaint contain legal conclusions and, therefore, require no response.  To the extent such a response is required, said allegations are denied.

35.

The allegations contained in Paragraph 30 of the Amended Complaint contain legal conclusions and, therefore, require no response.  To the extent such a response is required, said allegations are denied.

36.

The allegations contained in Paragraph 31 of the Amended Complaint reference a statute which speaks for itself and, therefore, requires no response.  To the extent such a response is required, said allegations are denied.  Defendant further denies that Plaintiffs are entitled to the relief sought in Paragraph 31 of the Amended Complaint or otherwise.

37.

Defendant denies the allegations contained in Paragraph 32 of the Amended Complaint.  Defendant further denies that Plaintiffs are entitled to the relief sought in Paragraph 32 of the Amended Complaint or otherwise.

38.

The allegations contained in Paragraph 33 of the Amended Complaint contain legal conclusions and, therefore, require no response.  To the extent such a response is required, said allegations are denied.

39.

The allegations contained in Paragraph 34 of the Amended Complaint

contain legal conclusions and, therefore, require no response.  To the extent such a response is required, said allegations are denied.

40.

The allegations contained in Paragraph 35 of the Amended Complaint contain a legal conclusion and, therefore, require no response.  To the extent such a response is required, said allegations are denied.

41.

Defendant restates and re-asserts Paragraphs 1-40 as if set forth fully herein.

42.

The allegations contained in Paragraph 37 of the Amended Complaint contain a legal conclusion and, therefore, require no response.  To the extent such a response is required, said allegations are denied.

43.

Defendant denies the allegations contained in Paragraph 38 of the Amended Complaint.

44.

Defendant denies the allegations contained in Paragraph 39 of the Amended Complaint.

45.

Defendant denies the allegations contained in Paragraph 40 of the Amended Complaint.

46.

Defendant denies the allegations contained in Paragraph 41 of the Amended Complaint.

47.

Defendant denies the allegations contained in Paragraph 42 of the Amended Complaint.  Defendant further denies that Plaintiffs are entitled to the relief sought in Paragraph 42 of the Amended Complaint or otherwise.

48.

Defendant restates and re-asserts Paragraphs 1-47 as if set forth fully herein.

49.

Defendant denies the allegations contained in Paragraph 44 of the Amended Complaint.

50.

Defendant denies the allegations contained in Paragraph 45 of the Amended Complaint.

51.

Defendant denies the allegations contained in Paragraph 46 of the Amended Complaint.

52.

Defendant denies the allegations contained in Paragraph 47 of the Amended Complaint.

53.

Defendant denies the allegations contained in Paragraph 48 of the Amended Complaint.  Defendant further denies that Plaintiffs are entitled to the relief sought in Paragraph 48 of the Amended Complaint or otherwise.

54.

Defendant restates and re-asserts Paragraphs 1-53 as if set forth fully herein.

55.

The allegations contained in Paragraph 50 of the Amended Complaint contain a legal conclusion and, therefore, require no response.  To the extent such a response is required, said allegations are denied.

56.

The allegations contained in Paragraph 51 of the Amended Complaint contain legal conclusions and, therefore, require no response.  To the extent such a response is required, said allegations are denied.

57.

Defendant denies the allegations contained in Paragraph 52 of the Amended Complaint.

58.

Defendant denies as stated the allegations contained in Paragraph 53 of the Amended Complaint.

59.

The allegations contained in Paragraph 54 of the Amended Complaint contain legal conclusions and, therefore, require no response.  To the extent such a response is required, said allegations are denied.

60.

Defendant denies the allegations contained in Paragraph 55 of the Amended Complaint.

61.

Defendant restates and re-asserts Paragraphs 1-60 as if set forth fully herein.

62.

The allegations contained in Paragraph 62 of the Amended Complaint contain legal conclusions and, therefore, require no response.  To the extent such a response is required, said allegations are denied.

63.

The allegations contained in Paragraph 57 of the Amended Complaint reference statutes which speak for themselves and contain legal conclusions and, therefore, require no response.  To the extent such a response is required, said allegations are denied.

64.

Defendant denies the allegations contained in Paragraph 58 of the Amended Complaint.  Defendant further denies that Plaintiffs are entitled to the relief sought in Paragraph 58 of the Amended Complaint or otherwise.

65.

Defendant denies any and all allegations not specifically admitted herein.

66.

Defendant denies Plaintiffs are entitled to relief sought in the Amended Complaint or otherwise.

WHEREFORE, having fully answered the Amended Complaint, Defendant HOMEWARD RESIDENTIAL, INC. f/k/a AMERICAN HOME MORTGAGE SERVICING, INC. prays that this Honorable Court will:

(A)    Dismiss the Amended Complaint with prejudice upon any affirmative defense set forth in the Answer or otherwise;

(B)    Deny Plaintiffs' requests for relief including but not limited to their

request for equitable and/or injunctive relief;

(C)    Charge all costs against Plaintiffs; and

(D)    Grant such other and further relief as this Court deems just and

proper.

RESPECTFULLY SUBMITTED, this 21st day of June, 2012.

**ALDRIDGE CONNORS, LLP**

*/s/ Elizabeth A. George*
Kimberly A. Rizzotti Weber
Georgia Bar No. 607566
Elizabeth A. George
Georgia Bar No. 290365
Attorneys for Defendant,
Homeward Residential, Inc. f/k/a
American Home Mortgage
Servicing, Inc.

Fifteen Piedmont Center
3575 Piedmont Road, NE
Suite 500
Atlanta, Georgia 30305
(404) 994-7651(phone)
(888) 344-9628 (fax)
egeorge@aclawllp.com (email)

## <u>CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 5.1.C(3)</u>

I hereby certify that the above document complies with Local Rule 5.2.C(3), in that the type font used is Times New Roman 14 point, and more than ten (10) characters per inch.

**ALDRIDGE CONNORS, LLP**

<u>*/s/ Elizabeth A. George*</u>
Kimberly A. Rizzotti Weber
Georgia Bar No. 607566
Elizabeth A. George
Georgia Bar No. 290365
Attorneys for Defendant,
Homeward Residential, Inc.
f/k/a American Home Mortgage
Servicing, Inc.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing DEFENSES

AND ANSWER OF DEFENDANT HOMEWARD RESIDENTIAL, INC. f/k/a

AMERICAN HOME MORTGAGE SERVICING, INC. TO PLAINTIFFS'

AMENDED COMPLAINT has been sent via United States Mail, postage pre-paid,

in a properly address envelope to:

Charles B. Pekor, Jr., Esq.
David Cox, Esq.
Pekor & Associates LLC
Suite 325
Atlanta, Georgia 30305
*Counsel for Plaintiffs*

Jeffrey M. Wasick, Esq.
Gray, Rust, St. Amand, Moffett, & Brieske, LLP
Attorneys at Law
950 East Paces Ferry Road
1700 Atlanta Plaza
Atlanta, Georgia 30326
*Counsel for Defendant Field Asset Services, Inc.*

This 21st day of June, 2012.

*/s/ Elizabeth A. George*
Elizabeth A. George
Georgia Bar No. 290365
Attorney for Defendant,
Homeward Residential, Inc.
f/k/a American Home Mortgage
Servicing, Inc.

ALDRDIGE CONNORS, LLP
Fifteen Piedmont Center
3575 Piedmont Road, NE
Suite 500
Atlanta, Georgia 30305
(404) 994-7651(phone)
(888) 344-9628 (fax)
egeorge@aclawllp.com (email)