IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DANA BUSSELL and<br>B. CLAYTON BUSSELL,<br><br>    Plaintiffs,<br><br>vs.<br><br>AMERICAN HOME MORTGAGE<br>SERVICING, INC., FIELD ASSET<br>SERVICES, INC. and MICHAEL<br>ENVIRONMENTAL, LLC,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION FILE NO.<br>)   1:12-CV-00129-JEC-AJB<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT MICHAEL ENVIRONMENTAL, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT**

COMES NOW Defendant Michael Environmental, LLC ("Defendant" or "ME") and hereby responds to Plaintiff's Amended Complaint as follows:

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

To the extent not already specifically addressed below, Defendant denies each and every allegation not expressly admitted herein.

**SECOND DEFENSE**

Plaintiffs' claims fail to state a claim upon which relief may be granted by this

1

Court.

### THIRD DEFENSE

The Amended Complaint is barred because any damage sustained by Plaintiffs was caused in whole or in part by the actions or inactions of Plaintiffs or third parties, but not by the actions or inactions of Defendant.

### FOURTH DEFENSE

Plaintiffs' alleged injuries were proximately caused by the superseding and intervening acts of third parties over which Defendant had no control and for which Defendant is not liable.

### FIFTH DEFENSE

Plaintiffs are precluded from recovering punitive damages under the applicable law.

### SIXTH DEFENSE

Plaintiffs' claims are barred in whole or in part by their failure to mitigate their alleged damages, their entitlement to which is expressly denied.

### SEVENTH DEFENSE

Plaintiffs' claims are barred in whole or in party by the application of the bona fide error defense pursuant to O.C.G.A. §§ 10-1-400, *et seq*. and/or 16 U.S.C.A. §1692k(c).

## EIGHTH DEFENSE

Defendant is currently without knowledge or information sufficient to form a belief as to whether other affirmative defenses apply in this matter. Defendant expressly reserves the right to raise any additional affirmative defenses that may be applicable.

## NINTH DEFENSE

Defendant answers the allegations contained in Plaintiffs' Amended Complaint as follows:

## PARTIES

1. Defendant admits that the parties identified in Paragraph 1(a) - (d) are the named parties in this action. Except as expressly admitted herein, Defendant denies each and every allegation in Paragraph 1 of the Amended Complaint.

    a. Upon information and belief, Defendant admits that Plaintiffs are husband and wife. Defendant is without sufficient knowledge to admit or deny whether Plaintiffs are citizens and residents of the State of Georgia and the Northern District of Georgia. Except as expressly admitted herein, Defendant denies each and every allegation in Paragraph 1(a) of the Amended Complaint.

b. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 1(b) of the Amended Complaint. Except as expressly admitted herein, Defendant denies each and every allegation in Paragraph 1(b) of the Amended Complaint.

c. Upon information and belief, Defendant admits that during the relevant time period, Field Asset Services, Inc. ("FAS") did business within the State of Georgia. Defendant is without sufficient information to admit or deny the remaining allegations contained in Paragraph 1(c) of the Amended Complaint. Except as expressly admitted herein, Defendant denies each and every allegation in Paragraph 1(c) of the Amended Complaint.

d. Defendant admits that it was a Georgia limited liability company registered with the Secretary of State of Georgia. Defendant admits that during the relevant time period, it did business in the Northern District of Georgia. Defendant admits that during the relevant time period, its principal place of business was located at 165 Creek Bottom Drive, Covington, Newton County, Georgia 30014. Defendant denies that it may be served at this address. Except as expressly admitted herein, Defendant denies each and every allegation in Paragraph 1(d) of the Amended Complaint.

## JURISDICTION AND VENUE

2. Defendant admits that this Court has jurisdiction over this action. Defendant admits that venue is proper in this Court. Except as expressly admitted herein, Defendant denies each and every allegation in Paragraph 2 of the Amended Complaint.

3. Defendant admits that this Court has jurisdiction over this action. Except as expressly admitted herein, Defendant denies each and every allegation in Paragraph 3 of the Amended Complaint.

4. Defendants admit that Plaintiffs are natural persons. Defendants are without sufficient information to admit or deny whether Plaintiffs are residents of Georgia. The remainder of Paragraph 4 contains legal conclusions to which no response is required. To the extent a response is necessary, Defendant denies each and every allegation contained in Paragraph 4 of the Amended Complaint. Except as expressly admitted herein, Defendant denies each and every allegation in Paragraph 4 of the Amended Complaint.

## INTRODUCTION AND FACTS

5. Defendant admits that FAS retained ME to clean and winterize the property located at 7915 Georgia Highway 15 North, Warthen, Georgia 31087. Defendant expressly denies that any wrongful trespass, breaking, entering, looting, "lock-out," wrongful eviction or dispossession occurred. As to the remaining allegations, Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 5 of the Amended Complaint. Except as expressly admitted herein, Defendant denies each and every allegation in Paragraph 5 of the Amended Complaint.

6. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 6 of the Amended Complaint. Except as expressly admitted herein, Defendant denies each and every allegation in Paragraph 6 of the Amended Complaint.

7. Defendant denies each and every allegation contained in Paragraph 7 of the Amended Complaint.

8. Defendant is without sufficient information to admit or deny whether a dispossessory action had been issued, filed or petitioned for. Defendant denies that Plaintiffs had not abandoned their home. Except as expressly admitted herein,

Defendant denies each and every allegation in Paragraph 8 of the Amended Complaint.

9. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 9 of the Amended Complaint. Except as expressly admitted herein, Defendant denies each and every allegation in Paragraph 9 of the Amended Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of the Amended Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of the Amended Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of the Amended Complaint.

13. Defendant admits that Chautauqua Palmer informed Plaintiff Dana Bussell that the items removed from the property had been thrown away. Except as expressly admitted herein, Defendant denies each and every remaining allegation contained in Paragraph 13 of the Amended Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Amended Complaint.

## COUNT ONE

15. Defendant denies each and every allegation contained in Paragraph 15 of the Amended Complaint.

## COUNT TWO
## ALLEGED WRONGFUL FORECLOSURE

16. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 16 of the Amended Complaint.  Except as expressly admitted herein, Defendant denies each and every allegation in Paragraph 16 of the Amended Complaint.

## COUNT THREE
## ALLEGED TRESPASS AND CONVERSION

17. Defendant incorporates its responses to Paragraphs 1 through 16 as if set forth herein.  Defendant denies each and every allegation contained in Paragraph 17 of the Amended Complaint.

## COUNT FOUR
## ALLEGED VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

18. Defendant incorporates its responses to Paragraphs 1 through 17 as if set forth herein.  Paragraph 18 contains attorney narrative, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 18 of the Amended Complaint.

19. Paragraph 19(a) through (b) contains attorney narrative, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 19 of the Amended Complaint.

20. Defendant admits that during the relevant time period, it was in the business of providing property preservation services to lenders and loan servicers.  Defendant admits that it performed such services numerous times.  Except as expressly admitted herein, Defendant denies the allegations contained in Paragraph 20 of the Amended Complaint.

21. As to ME, Defendant admits that it changed locks, conducted an interior inspection, and removed all property from the home.  Except as expressly admitted herein, Defendant denies each and every allegation in Paragraph 21 of the Amended Complaint.

22. As to ME, Defendant admits that it entered Plaintiffs' unlocked home and changed their locks. Except as expressly admitted herein, Defendant denies each and every allegation in Paragraph 22 of the Amended Complaint.

23. Defendant admits that it changed the locks on the property in question. Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 23 of the Amended Complaint. Except as expressly admitted herein, Defendant denies each and every allegation in Paragraph 23 of the Amended Complaint.

24. Paragraph 24 of the Amended Complaint contains a recitation of a statute, to which no response is required. To the extent a response is required, Defendant states that the statute speaks for itself. Except as expressly admitted herein, Defendant denies each and every allegation in Paragraph 24 of the Amended Complaint.

25. Defendant admits that it was hired by FAS to perform property preservation services on the subject property. Defendant admits that such services include changing locks, conducting an interior inspection, and removing all property from the home. Except as expressly admitted herein, Defendant denies the remaining allegations in Paragraph 25 of the Amended Complaint.

26. Defendant admits that FAS communicated various work orders regarding property preservation to ME. The remaining allegations in Paragraph 26 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations contained in Paragraph 26 of the Amended Complaint. Except as expressly admitted herein, Defendant denies each and every allegation in Paragraph 26 of the Amended Complaint.

27. Defendant denies each and every allegation contained in Paragraph 27 of the Amended Complaint.

28. Defendant denies each and every allegation contained in Paragraph 28 of the Amended Complaint.

29. Defendant denies each and every allegation contained in Paragraph 29 of the Amended Complaint.

30. Defendant denies each and every allegation contained in Paragraph 30 of the Amended Complaint.

31. Defendant denies each and every allegation contained in Paragraph 31 of the Amended Complaint.

32. Defendant denies each and every allegation contained in Paragraph 32 of the Amended Complaint.

33. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 33 of the Amended Complaint.  Except as expressly admitted herein, Defendant denies each and every allegation in Paragraph 33 of the Amended Complaint.

34. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 34 of the Amended Complaint.  Except as expressly admitted herein, Defendant denies each and every allegation in Paragraph 34 of the Amended Complaint.

35. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 35 of the Amended Complaint.  Except as expressly admitted herein, Defendant denies each and every allegation in Paragraph 35 of the Amended Complaint.

**COUNT FIVE**
**ALLEGED NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**(AS TO ALL DEFENDANTS)**

36. Defendant incorporates its responses to Paragraphs 1 through 35 as if set forth herein.

37. Defendant denies each and every allegation contained in Paragraph 37 of the Amended Complaint.

38. Defendant denies that the Plaintiffs had not abandoned the property or allowed it to appear abandoned. Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 38. Except as expressly admitted herein, Defendant denies each and every allegation in Paragraph 38 of the Amended Complaint.

39. Defendant denies each and every allegation contained in Paragraph 39 of the Amended Complaint.

40. Defendant denies each and every allegation contained in Paragraph 40 of the Amended Complaint.

41. Defendant denies each and every allegation contained in Paragraph 41 of the Amended Complaint.

42. Defendant denies each and every allegation contained in Paragraph 42 of the Amended Complaint, including the allegations in Plaintiffs' subsequent Prayer for Relief paragraph.

## COUNT SIX
## ALLEGED INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (AS TO ALL DEFENDANTS)

43. Defendant incorporates its responses to Paragraphs 1 through 42 as if set forth herein.

44. Defendant denies each and every allegation contained in Paragraph 44 of the Amended Complaint.

45. Defendant denies that the Plaintiffs had not abandoned the property or allowed it to appear abandoned. Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 45. Except as expressly admitted herein, Defendant denies each and every allegation in Paragraph 45 of the Amended Complaint.

46. Defendant denies each and every allegation contained in Paragraph 46 of the Amended Complaint.

47. Defendant denies each and every allegation contained in Paragraph 47 of the Amended Complaint.

48. Defendant denies each and every allegation contained in Paragraph 48 of the Amended Complaint, including the allegations in Plaintiffs' subsequent Prayer for Relief paragraph.

# COUNT SEVEN
# INVASION OF PRIVACY
# (AS TO ALL DEFENDANTS)

49. Defendant incorporates its responses to Paragraphs 1 through 48 as if set forth herein.

50. Defendant denies each and every allegation contained in Paragraph 50 of the Amended Complaint.

51. Defendant denies each and every allegation contained in Paragraph 51 of the Amended Complaint.

52. Defendant denies that the Plaintiffs had not abandoned the property or allowed it to appear abandoned.  Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 52.  Except as expressly admitted herein, Defendant denies each and every allegation in Paragraph 52 of the Amended Complaint.

53. Defendant denies each and every allegation contained in Paragraph 53 of the Amended Complaint.

54. Defendant denies each and every allegation contained in Paragraph 54 of the Amended Complaint.

55. Defendant denies each and every allegation contained in Paragraph 55 of the Amended Complaint.

## COUNT SEVEN
## ALLEGED VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT WITH RESPECT TO DEFENDANTS FIELD ASSET SERVICES, INC. AND MICHAEL ENVIRONMENTAL, LLC

56. Defendant incorporates its responses to Paragraphs 1 through 55 as if set forth herein. Defendant denies each and every allegation contained in Paragraph 56 of the Amended Complaint.

57. Defendant denies each and every allegation contained in Paragraph 57 of the Amended Complaint.

58. Defendant denies each and every allegation contained in Paragraph 58 of the Amended Complaint.

## PLAINTIFFS' PRAYER FOR RELIEF PARAGRAPH

59. Defendant denies that it has committed any wrongdoing and denies that Plaintiffs are entitled to any damages, including but not limited to the relief requested in Plaintiffs' Prayer for Relief Paragraph.

## PLAINTIFFS' JURY DEMAND

60. Defendant denies that any triable issues exist in this action, and denies that a jury is appropriate.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests that at the conclusion of this action, the Court grant the following relief:

1. Dismiss Plaintiffs' claims in their entirety and with prejudice;

2. Deny each and every prayer for relief identified in Plaintiffs' Complaint; and

3. Award against Plaintiffs Defendant's reasonable attorney's fees, costs and expenses associated with defending this action, along with such other and further relief as the Court may deem proper.

Respectfully submitted this 18th day of December, 2012.

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**

s/ Kathryn J. Hinton
Kathryn J. Hinton
GA State Bar No. 542930
David E. Gevertz
GA. State Bar No. 292430

        3414 Peachtree Road NE  
        Monarch Plaza, Suite 1600  
        Atlanta, Georgia 30326  
        Telephone:   404-577-6000  
        Facsimile:    404-221-6501  
        khinton@bakerdonelson.com  
        dgevertz@bakerdonelson.com

## <u>CERTIFICATE OF COMPLIANCE</u>

Undersigned counsel certifies the foregoing document has been prepared with one of the font and point selections (Times New Roman, 14 point) approved by the Court in Local Rule 5.1 (C) and 7.1 (D).

<u>s/ Kathryn J. Hinton</u><br>
Kathryn J. Hinton<br>
GA State Bar No. 542930

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of *Defendant Michael Environmental LLC's Answer and Affirmative Defenses to Plaintiffs' Amended Complaint* by filing the same using the Court's ECF system, which will automatically send notification to the following attorneys of record:

| | |
|---|---|
| Carlin J. Phillips<br>PHILLIPS & GARCIA, P.C.<br>13 Ventura Dirve<br>Dartmouth, MA 02747 | Lawrence J. Bracken, II<br>Jason M. Beach<br>HUNTON & WILLIAMS, LLP<br>600 Peachtree Street, NE, Suite 4100<br>Atlanta, GA 30308-2216 |
| Charles B. Pekor, Jr.<br>David A. Cox<br>PEKOR & ASOCIATES, LLC<br>3423 Piedmont Road, NE, Suite 325<br>Atlanta, GA 30305<br>*Counsel for Plaintiffs* | lbracken@hunton.com<br>jbeach@hunton.com<br>*Counsel for Homeward Residential, Inc. (formerly known as American Home Mortgage Servicing, Inc.)* |

Matthew G. Moffett
Jeffrey Mittar Wasick
GRAY, RUST, ST. AMAND, MOFFETT & BRIESKE, LLP
950 East Paces Ferry Road, Suite 1700
Atlanta, GA 30326
mmoffett@grsmb.com
jwasick@grsmb.com
*Counsel for Field Asset Services, Inc.*

This the 18th day of December, 2012.

s/ Kathryn J. Hinton
Kathryn J. Hinton
GA State Bar No. 542930
