IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DANA BUSSELL and B. CLAYTON BUSSELL, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN HOME MORTGAGE SERVICING, INC., FIELD ASSET SERVICES, INC., and MICHAEL ENVIRONMENTAL, LLC, <br><br> Defendants. | Civil Action File No. <br> 1:12-CV-00129-JEC-AJB |

### PLAINTIFFS' RESPONSE TO DEFENDANT HOMEWARD RESIDENTIAL, INC.'S MOTION TO DISMISS WRONGFUL FORECLOSURE CLAIM

COME NOW Plaintiffs, by and through the undersigned counsel, and hereby respond to Defendant Homeward Residential, Inc.'s (f/k/a/ American Home Mortgage Servicing, Inc. and hereinafter referenced as "Homeward") Motion to Dismiss in the above-styled matter, respectfully showing the Court as follows:

On February 27, 2013, Homeward filed a motion to dismiss Plaintiffs' wrongful foreclosure claim (Count Two of Plaintiffs' Amended Complaint) pursuant to Fed. R. Civ. P. 12(c) alleging, essentially, that Plaintiffs lack standing to bring such a claim in this matter and that Plaintiffs failed to

allege "any foreclosure-related damages" in their Complaint. As discussed in more detail herein, Homeward's motion is procedurally barred by this Court's Local Rules and, even assuming that it had been properly brought, is substantively unfounded. As such, Homeward's Motion to Dismiss should be denied.

1. <u>Homeward's Motion to Dismiss is Barred by the Court's Local Rules</u>.

Local Rule 7.1 states that all motions, other than those specifically enumerated in Local Rule 7.2, must be filed within thirty days of the beginning of discovery unless the filing party obtains prior permission from the Court. Homeward's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(c) is not one of the six types of motions that may be filed without prior leave of Court, pursuant to Local Rule 7.2. Homeward did not seek or obtain the Court's permission before filing its motion and, in fact, filed the motion on February 27, 2013, shortly before the end of the discovery period, which had been extended by agreement of the parties and the Court's Order, in this case.

Homeward's motion should and could have been brought early on in these proceedings. Plaintiffs' wrongful foreclosure claim was not a recent addition to its claims in this case. Presumably, at least part of the rationale for Rule 7.1 is the recognition that disputes as to discovery and the viability

2

of particular claims should be resolved as early as possible so as to narrow the material legal issues and/or facilitate discovery. Here, Homeward's filing of a Motion to Dismiss at the close of discovery with a corporate deposition relevant to the wrongful foreclosure claim it seeks to have dismissed pending at least appears to be a last-minute attempt to preclude discovery as to a cognizable claim. As such, its conduct is precisely the type that Rule 7.1 is presumably intended to limit. Regardless of Homeward's motivation, however, its Motion to Dismiss is untimely and unauthorized under the Court's Local Rules and is, therefore, procedurally barred from consideration and should be denied.

2. <u>Homeward's Substantive Legal Arguments are Unfounded</u>.

Homeward's Motion to Dismiss ignores the relevant inquiry as to Plaintiffs' wrongful foreclosure claim. It focuses on Plaintiffs' alleged lack of standing to bring such a claim but fails to address whether Homeward and Deutsche Bank had standing to foreclose against Plaintiffs' property and, consequently, if not, whether Plaintiffs are privileged to contest their conduct. Contrary to Homeward's contention, there is sufficient evidence of a wrongfully conducted foreclosure to preclude the granting of its Motion to Dismiss and Georgia law allows the maintenance of a cognizable wrongful foreclosure claim in circumstances such as Plaintiffs'.

3

### A. Plaintiffs' wrongful foreclosure claim was sufficiently stated to preclude dismissal.

Homeward emphasizes that Plaintiffs were in default on their mortgage and failed to cure it and then repeatedly leaps to the conclusion that, therefore, the foreclosure against the property could not have been wrongful and that Plaintiffs have no standing to contest it. Plaintiffs do not dispute that the loan was in default or even that *a* foreclosure of the property, if conducted properly by parties with standing to do so, would have been legally valid in January 2011. The relevant issues as to the viability of Plaintiffs' wrongful foreclosure claim in the context of a motion to dismiss, however, are whether Deutsche Bank, in fact, had standing to foreclose and whether, therefore, Homeward's conduct in foreclosing was wrongful. Plaintiffs sufficiently stated this claim and there is sufficient evidence in support of the claim to preclude Homeward's Motion to Dismiss.

Homeward's own documents demonstrate that a "corrective assignment" was executed and recorded approximately seven months after the foreclosure sale. (See Homeward's Brief in Support of its Motion to Dismiss, Exhibit "C"). This was apparently necessary to try to cure the fact that the original, pre-foreclosure assignment of the mortgage, pursuant to which Homeward conducted the sale, failed to convey the promissory note to Deutsche Bank. It appears, then, that while a foreclosure against the

property *could* have been proper given Plaintiffs' default, the actual foreclosure was conducted by parties that did not have standing to do so at that time.

The appropriate standard of review with regard to a motion to dismiss is whether the complaint in question states a plausible claim for relief. *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), *James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F. 3d 1270, 1274 (11th Cir. 2008) . Here, it is certainly plausible that Plaintiffs may be able to maintain their claim of wrongful foreclosure as Homeward's own documents demonstrate that, precisely as alleged in Plaintiffs' Amended Complaint, Deutsche Bank may well have lacked ownership of the relevant promissory note at the time of the foreclosure that Homeward conducted as its agent.

The legal authority cited by Homeward as conclusively establishing that its motion should be granted does not address whether a borrower has the right to contest the foreclosure of property by parties without standing to do so. Surely, the fact that one is in default and that *a* foreclosure by *someone* with the right to do so may be proper does not mean that a borrower cannot contest a foreclosure conducted by just anyone.  Indeed, as discussed in more detail below, Georgia law is unsettled as to who may foreclose and pursuant to what authority. Homeward is correct that the

5

evaluation of its motion turns on the question of standing but the relevant specific question is whether Deutsche Bank and Homeward had standing to conduct the foreclosure sale at the time that it was conducted. As there is a plausible question as to whether or not they did, Homeward's motion should be denied.

In addition to the undisputed evidence as to the imperfect original assignment that appears to support Plaintiffs' specific allegation in their Amended Complaint, the deposition testimony of Matthew L. Waters, Esq. noticed and taken by Homeward in this case demonstrates that his client's post-foreclosure purchase of the Plaintiffs' property had to be cancelled "because of a mistake in an assignment of the security deed" and that he had been told by a Homeward representative that it would have to "re-foreclose" on the property. (See Deposition of Matthew L. Waters, 1/31/13, p. 14; a copy of which has been filed simultaneously herewith). Such evidence, simply reinforces the conclusion that Plaintiffs' claim meets the "plausible claim for relief" standard.

Had Homeward moved to dismiss during the time period allowed by Rule 7.1 and the Court granted such a motion, this evidence, that *precisely* supports Plaintiffs' allegation in its Amended Complaint, might not have been disclosed. However, Homeward waited until the very end of discovery

to seek dismissal. Therefore, Homeward should be saddled with the evidence supporting Plaintiffs' claim in the evaluation of its motion.[1] Its contention that Plaintiffs' claim is simply a "bald legal conclusion" is belied by the fact that Homeward's own documents support that conclusion: that Deutsche Bank lacked an assignment of the relevant promissory note. Indeed, it is unclear what more Homeward would have liked Plaintiffs' claim to have alleged in order to be sustainable. Plaintiffs could do no more than allege exactly what occurred and why the foreclosure was wrongful.

B. <u>Plaintiffs' wrongful foreclosure claim is legally cognizable</u>.

Homeward is also incorrect that Plaintiffs, as borrowers, lack standing to assert any wrongful foreclosure claim. Its insistence that the authority cited in support of its Motion to Dismiss is dispositive belies the fact that this Court has certified a substantively similar case to the Georgia Supreme Court precisely because of the lack of clarity in Georgia as to the definition of "secured creditor" in the context of foreclosure and the basis for authority to foreclose. *You v. JP Morgan Chase Bank, N.A., et al.*, 1:12-CV-202-JEC-AJB, 2012WL3904366 (N.D. Ga., May 23, 2012). The Court's recognition of opposing lines of federal authority in this District demonstrates that the state of Georgia law with regard to wrongful foreclosure is not, at this time,

---

[1] Having exhausted all good faith efforts to obtain discovery on this issue, Plaintiffs, joined by Defendant Michael Environmental, Inc., will be requesting a teleconference with the Court prior to filing a Motion to Compel such discovery, primarily involving the deposition of a corporate representative of Homeward.

7

as static as Homeward asserts.  Chief Judge Carnes' Order in *You* recognizes that a wrongful foreclosure claim brought by a borrower is at least cognizable in Georgia under the line of authority set forth in *Stubbs v. Bank of America, N.A.*, 844 F. Supp. 2d 1267 (N.D. Ga. 2012) and *Morgan v. Ocwen Loan Serv., LLC*, 795 F. Supp. 2d 1370, 1375 (N.D. Ga. 2011).  Were this not the case, there would have been no reason for its certification to the Supreme Court.

Moreover, in *Reese v. Provident Funding Assocs., LLP*, __ Ga. App. __, 730 S.E. 2d 551, 12 F.C.D.R. 2374 (Ga. App. 2012), discussed in this Court's Order certifying the *You* case, the Court of Appeals reversed a summary judgment award in favor of the loan servicer as to a wrongful foreclosure claim.  The case was remanded with the instruction that the trial court should enter summary judgment *in favor of the borrowers* because the foreclosure notice failed to identify the relevant secured creditor.  *Reese v. Provident Funding*, 730 S.E. 2d at 555.

In *Reese*, as in the instant case, the borrowers had failed to cure a mortgage default prompting foreclosure proceedings but nonetheless stated a cognizable claim for wrongful foreclosure given a faulty foreclosure notice that did not identify the secured creditor.  This does not mean that no foreclosure could have been conducted but simply, as Homeward appears to

8

either misunderstand or ignore, that the particular foreclosure proceeding was unlawful entitling the borrowers, as a matter of law, to judgment on their wrongful foreclosure claim. *Id.* Consequently, contrary to Homeward's assertions, Plaintiffs' wrongful foreclosure claim, based upon the evidence of the faulty assignment pursuant to which the sale was conducted, is factually plausible and cognizable under applicable Georgia law and, as such, is sufficient to withstand Homeward's Motion to Dismiss.

C. <u>Plaintiffs' damages allegations are sufficient to preclude dismissal</u>.

Finally, Homeward's contention that Plaintiffs' claim should be dismissed for failure to allege "foreclosure-related" damages is unavailing. Plaintiffs do not dispute that their damages are "downstream" from the foreclosure. However, such damages are directly derivative of the foreclosure sale conducted by Homeward which appears to have been unlawful insofar as Deutsche Bank may not have had authority to foreclose at that time.

It is at least plausible, again under the applicable standard of review for a motion to dismiss, that if Homeward had not executed the foreclosure sale in January 2011, Plaintiffs would not have been subjected to the unlawful conduct of Homeward and its co-Defendant agents in the "lock-out/trash-out" of their home and personal property. While Homeward's lack

of standing to conduct the foreclosure was not the immediate cause of such damages, they did arise as a direct and proximate result thereof as Homeward and its co-Defendant agents engaged in subsequent unlawful conduct pursuant to the January 2011 foreclosure. Accordingly, a reasonable jury could find that Plaintiffs' damages were the result of a wrongful foreclosure by Homeward and Plaintiffs' allegations of such damages are at least sufficient to withstand its Motion to Dismiss.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendant Homeward's Motion to Dismiss.

Respectfully submitted this 11th day of March, 2013.

/S/Charles B. Pekor, Jr.
Charles B. Pekor, Jr.
Georgia Bar No. 570601

/S/David A. Cox
David A. Cox
Georgia Bar No. 192381
Attorneys for Plaintiffs

Pekor & Associates LLC
3423 Piedmont Road, NE
Suite 325
Atlanta, Georgia 30305
404-848-8086 Tel
404-848-8089 Fax
chuckpekor@yahoo.com
dacox@dacoxlaw.com

## LOCAL RULE 5.1 CERTIFICATION

I certify that this pleading was prepared in Times New Roman (14 point) font, a font and point selection approved by L.R. 5.1.

This 11th day of March, 2013.

/S/Charles B. Pekor, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing Plaintiffs' Response to Defendant Homeward Residential, Inc.'s Motion to Dismiss with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

>Lawrence J. Bracken II, Esq.
>Jason M. Beach, Esq.
>Hunton & Williams, LLP
>Bank of America Plaza, Suite 4100
>600 Peachtree Street, NE
>Atlanta, GA 30308
>Counsel for Homeward Residential, Inc., fka American Home
>    Mortgage Servicing, Inc.

>Matthew G. Moffett, Esq.
>Jeffrey M. Wassick, Esq.
>Gray, Rust, St. Amand, Moffett & Brieske, LLP
>1700 Atlanta Plaza
>950 East Paces Ferry Road
>Atlanta, GA 30326
>Counsel for Field Asset Services, LLC

David E. Gevertz, Esq.
Baker, Donelson, Bearman Caldwell & Berkowitz, PC
3414 Peachtree Road, NE
Monarch Plaza, Suite 1600
Atlanta, GA 30326
Counsel for Michael Environmental, LLC

/S/ Charles B. Pekor
Charles B. Pekor, Jr.
Georgia Bar No. 570601

/S/David A. Cox
David A. Cox
Georgia Bar No. 192381
Attorneys for Plaintiffs

Pekor & Associates LLC
3423 Piedmont Road, NE
Suite 325
Atlanta, Georgia 30305
404-848-8086 Tel
404-848-8089 Fax
chuckpekor@yahoo.com
dacox@dacoxlaw.com