IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DANA BUSSELL and B. CLAYTON BUSSELL, ) ) ) Plaintiffs, ) ) v. ) ) AMERICAN HOME MORTGAGE SERVICING, INC., FIELD ASSET SERVICES, INC., and MICHAEL ENVIRONMENTAL, LLC, ) ) ) ) ) ) Defendants. ) ) | Civil Action File No. 1:12-CV-00129-JEC-AJB |

**REPLY IN SUPPORT OF HOMEWARD RESIDENTIAL, INC.'S MOTION
TO DISMISS WRONGFUL FORECLOSURE CLAIM**

Plaintiffs' response, which interjects false issues into the appropriate Rule 12(c) analysis, fails to explain why the wrongful foreclosure claims should survive for seven reasons.

**First**, Plaintiffs allege no wrongful foreclosure *facts*, only a solitary, unadorned legal conclusion. This is insufficient under *Twombly*. **Second**, the issues certified to the Supreme Court of Georgia in *Chae Yi You v. JPMorgan Chase Bank, N.A.*, No. 1:12-CV-202-JEC-AJB, 2012 WL 3904363 (N.D. Ga. May 23, 2012), are *unrelated* to this case: Plaintiffs have not pleaded facts to support

wrongful foreclosure based on either (a) separation of the note and security deed or (b) that notice was not provided by the "secured creditor." **Third**, the Corrective Assignment does nothing to cure Plaintiffs' lack of standing to bring a wrongful foreclosure action based on the allegations of the Amended Complaint.

**Fourth**, Plaintiffs have not sought leave to amend their complaint, and cannot amend their complaint through a brief opposing Homeward's Rule 12(c) motion. **Fifth**, Plaintiffs improperly insert deposition evidence into the Rule 12(c) analysis, which is limited to the four corners of the Amended Complaint. Such evidence should be excluded. **Sixth**, Plaintiffs have not alleged foreclosure-related damages. **Seventh**, Homeward's motion is timely because it was made "[a]fter the pleadings [were] closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). Plaintiffs do not contend otherwise, and their position puts Local Rule 7.1 in direct conflict with the Federal Rule.

Accordingly, Homeward's Rule 12(c) motion to dismiss Plaintiffs' wrongful foreclosure claim should be granted.

**A.     No *Facts* Alleged to Support Wrongful Foreclosure Claim**

"A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Milani v. One West Bank FSB*, 491 F. App'x 977, 979 (11th Cir. 2012) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678

(2009)).  Plaintiffs must offer "*factual* content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (emphasis added and internal quotation marks omitted).  Legal conclusions are not factual content.  *See Iqbal*, 556 U.S. at 678; *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 589-90 (2007).  Here, Plaintiffs essentially plead only one item: "to the knowledge and belief of plaintiffs, Deutsche [Bank] held no valid assignment of the said deed to secure debt and promissory note with respect to said property." Am. Compl. ¶ 16.  This is a legal conclusion, not a fact.  Indeed, Plaintiffs fail to plead any facts whatsoever demonstrating how the assignment was invalid, and thus have failed to meet *Twombly*'s pleading threshold.

**B.**     **The Issues Certified to the Supreme Court of Georgia are Not At Play**

Plaintiffs are *absolutely wrong* that "substantively similar" issues have been certified to the Supreme Court of Georgia by this Court.  Pls.' Br. at 7.  In *Chae Yi You v. JPMorgan Chase Bank, N.A.*, the Magistrate Judge recommended dismissal of a wrongful foreclosure claim based, in part, on "faulty assignment of the security deed." No. 1:12-CV-202-JEC-AJB, 2012 WL 3904366, at *1 (N.D. Ga. May 23, 2012).  This Court adopted the report and recommendation, in part,

explicitly accepting the Magistrate Judge's report on two grounds,[1] and certifying (by separate order) three other issues to the Supreme Court of Georgia. The certified questions involved: (i) the alleged separation of the note and security deed; (ii) that the foreclosure notice was not provided by the "secured creditor;" (iii) and the substantial compliance with O.C.G.A. § 44-14-162.2(a)'s notice requirement. *Compare Chae Yi You*, 2012 WL 3904363, at *1-10 (discussing issues to be certified), *with Chae Yi You*, 1:12-cv-00202-JEC, Dkt. No. 16 at *2 (Sept. 07, 2012) (certification order available via CM/ECF). But, Plaintiffs allege no facts whatsoever pertaining to any of these issues. Rather, Plaintiffs' sparse allegations state:

> Sometime subsequent to [the Bussells' purchase of the subject property] . . . the said deed to secure debt and promissory note were purportedly assigned to Deutsche Bank, trustee. . . . At the time [Homeward] foreclosed on the property, . . . to the knowledge and belief of plaintiffs, Deutsche [Bank] held no valid assignment of the said deed to secure debt and promissory note with respect to said property, and thus no standing to conduct said foreclosure rendering the purported foreclosure wrongful. Thus, [Homeward] is liable to plaintiffs for all damages flowing from said wrongful foreclosure.

---

[1] Specifically, Chief Judge Carnes stated that the Court "GRANTS the motion . . . as to plaintiffs' claims for wrongful foreclosure and eviction based on allegations that: (1) the Security Deed at issue in the case is invalid, and (2) defendant . . . does not have an enforceable interest in the deed." *Chae Yi You*, No. 1:12-CV-202-JEC-AJB, 2012 WL 3904363, at *1 (N.D. Ga. Sept. 7, 2012).

Am. Compl. ¶ 16.  As demonstrated above, these allegations state nothing about the separation of the note and security deed.  Nor do Plaintiffs plead any facts that the foreclosure notice was not provided by the "secured creditor."  If the *Chae Yi You* certified issues were Plaintiffs' theories of liability, they have not pleaded them.  And certainly these are not new issues based on any recent discovery.  Such issues would have been apparent from publicly filed documents.  Plaintiffs fail to address this key issue.  Rather, Plaintiffs' entire wrongful foreclosure claim appears to flow solely from the legal conclusion—with no factual explanation— that Deutsche Bank held no valid assignment to the Security Deed.  *See id.*[2]  At the end of the day, the only allegations set forth by Plaintiffs are the type of issues that Chief Judge Carnes approved and adopted—not the ones she certified.

**C.     The Corrective Assignment Doesn't Change the Analysis**

Plaintiffs contend that the Corrective Assignment provides a sufficient basis for their claim to survive.  *See* Pls.' Br. at 4.  The problem, of course, is that it does

---

[2] Plaintiffs' reliance on *Reese v. Provident Funding Assocs.*, 317 Ga. App. 353, 730 S.E.2d 551 (2012), also cited by Chief Judge Carnes in *Chae Yi You*, 2012 WL 3904363, at *7, is likewise inapposite.  The *Reese* decision was based on transparency issues in the foreclosure process.  317 Ga. App. at 359, 730 S.E.2d at 555 ("Indeed, a debtor has a right to know which entity has the authority to foreclose, and there should be no confusion about the identity of that entity.").  Indeed, both the Assignment and Corrective Assignment, identify Deutsche Bank as the transferee, and Deutsche Bank was the entity that foreclosed on Plaintiffs' property.

5

not change the basic fact that Plaintiffs have no legal standing to complain of the assignment between H&R Block and Deutsche Bank. *E.g., Adams v. MERS*, No. 1:11-CV-04263-RWS, 2012 WL 1319453, at *7-8 (N.D. Ga. Apr. 16, 2012) (denying leave to amend complaint to add wrongful foreclosure claim because plaintiff was not a party to the corrective assignment of the security deed and had no standing to challenge its validity).[3]

Plaintiffs cite no support for their position and fail to distinguish the other governing authority cited in Homeward's motion. *See Moore v. McCalla Raymer, LLC*, No. 1:12–CV–1714–TWT, 2013 WL 28253, at *8 (N.D. Ga. Jan. 2, 2013) (dismissing wrongful foreclosure claims premised on defective assignment); *Peterson v. MERSCORP Holdings, Inc.*, No. 1:12–cv–00014–JEC, 2012 WL 3961211, at *10 (N.D. Ga. Sept. 10, 2012) (denying request to cancel assignment); *Joseph v. Fed. Home Loan Mortg. Corp.*, No. 1:12-CV-01022–RWS, 2012 WL 5429639, at *2 (N.D. Ga. Nov. 6, 2012) ("[T]o the extent Plaintiff's wrongful

---

[3] *See also Rivas v. Green Tree Servicing*, No. 1:12–CV–2866–RWS, 2013 WL 1213291, at *5 n.2 (N.D. Ga. Sept. 7, 2013) (agreeing that "Plaintiffs do not have standing to challenge the Assignments of the Security Deed."); *Menyah v. BAC Home Loans Servicing*, No. 1:12–CV–0228–RWS, 2013 WL 1189498, at *3 (N.D. Ga. Mar. 21, 2013) ("Plaintiff was not a party to the Assignment between MERS and Defendant. Therefore, Plaintiff may not challenge the Assignment's validity."); *Walker v. U.S. Bank Nat'l Ass'n*, No. 1:12–CV–02911–RWS, 2013 WL 1137006, at *5 (N.D. Ga. Mar. 15, 2013) ("[A]s a stranger to the Assignment, Plaintiff lacks standing to challenge it."); *Lesman v. MERS, Inc.*, No. 2:12–CV–00023–RWS, 2013 WL 603895, at *4 n.7 (N.D. Ga. Feb. 19, 2013) (same).

foreclosure theories rely upon the alleged invalidity of the Security Deed's assignment, those theories are without merit."); *Breus v. McGriff*, 202 Ga. App. 216, 216, 413 S.E.2d 538, 539 (1991) (same).[4]  In short, the Corrective Assignment does nothing to cure Plaintiffs' lack of standing to bring a wrongful foreclosure action based on the threadbare allegations of the Amended Complaint.

**D.     Plaintiffs Cannot Amend their Complaint By Response Brief**

Although their position remains unclear, given the new discussion of the two certified issues in *Chae Yi You* (Pls.' Br. at 7-9), Plaintiffs *might* at some point seek wrongful foreclosure claims based on:  (i) separation of the note and security deed and (ii) that notice was not provided by the "secured creditor."  If these are not Plaintiffs' wrongful foreclosure theories, Plaintiffs have failed to state a claim, for the reasons stated above.  Alternatively, if these are Plaintiffs' wrongful foreclosure theories, dismissal remains appropriate.  Such theories have not been pleaded, and Plaintiffs' response brief is Homeward's first notice of them.  *See generally* Am. Compl.  Alternatively, if Plaintiffs ultimately select these theories, and after they have properly asserted them (which they have not yet done), a

---

[4] *See also Montoya v. Branch Banking & Trust Co.*, No. 1:11-CV-01869-RWS, 2012 WL 826993, at *4 n.3 (N.D. Ga. Mar. 9, 2012) (holding that plaintiff did not have standing to challenge assignment as defective).

decision on these issues should be stayed pending resolution by the Supreme Court of Georgia, as it was in *Chae Yi You*, 2012 WL 3904363, at *10.

In any event, Plaintiffs' response to a motion to dismiss is not the proper place to assert new causes of action. Plaintiffs instead should have sought leave to amend pursuant to Rule 15(a). *See Lewis v. State Farm Fire & Cas. Co.*, No. CA 10–0718–KD–C, 2011 WL 1642313, at *6 n.9 (S.D. Ala. Apr. 13, 2011). *See also Kalpak v. EMC Mortg. Corp.*, No. 3:11-cv-49(CAR), 2011 WL 2711182, at *4 (M.D. Ga. July 13, 2011) (noting that courts will normally disregard new allegations made in response to a motion to dismiss). To date Plaintiffs have not sought leave to amend, nor have they shown any inclination to do so.

Moreover, a critical issue remains that Plaintiffs cannot overcome, even by amendment: "Plaintiffs still cannot show causation . . . because they do not dispute that they were in default under the loan." *Compare Rivas*, 2013 WL 1213291, at *5 n.2 (dismissing wrongful foreclosure claim), *with* Pls.' Br. at 4 ("Plaintiffs do not dispute that the loan was in default."). Plaintiffs already have been allowed to amend their Complaint and should not be given another futile opportunity to do so.

E.  **Plaintiffs Improperly Attempt to Use Evidence in the Rule 12(c) Analysis, and Such Evidence Should be Excluded**

Plaintiffs attempt to introduce deposition evidence—evidence that was not alleged in the Amended Complaint—to overcome their pleading deficiencies. This

attempt is improper.  "Whatever their relevance might be in deciding a motion for summary judgment, we will not consider matters outside the pleadings when passing on a Rule 12(c) motion."  *Horsley v. Feldt*, 304 F.3d 1125, 1136 n.6 (11th Cir. 2002).[5]  In other words, Homeward's Rule 12(c) motion is a "facial challenge[] to the legal sufficiency of [Plaintiffs'] complaint that present[s] a purely legal question; there are no issues of fact because the allegations contained in the pleadings are presumed to be true."  *Horsley*, 304 F.3d at 1131 n.2 (internal quotation marks omitted).  Accordingly, and like Rule 12(b)(6) motions, Rule 12(c) motions are properly decided on the four corners of the Amended Complaint.[6]  *See* Rule 12(d).  "[A]llegations not contained in plaintiff's amended

---

[5] *See also Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (affirming refusal to consider evidence submitted in opposition to motion to dismiss because plaintiff "did not reference these contracts in his amended complaint or attach them thereto"); *Young v. Napolitano*, No. 1:10–CV–1584–CAP–GGB, 2011 WL 2519529, at *4 (N.D. Ga. June 24, 2011) (refusing to consider declarations filed in opposition to a motion to dismiss when "they are not incorporated by reference in the Amended Complaint so as to be considered part of the pleadings").  *Accord N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 453 n.5 (7th Cir. 1998) (affirming district court's refusal to consider deposition testimony on Rule 12(c) motion).

[6] The Court also may consider not only the facts alleged in the Amended Complaint and any documents attached to it, but also documents that are "integral" to the complaint and relied upon in it, even if they are not attached to the Complaint, as explained in Homeward's opening brief.

9

complaint will not be considered." *Habib v. Bank of America Corp.*, No. 1:10-CV-04079-TWT-RGV, 2011 WL 5239723, at *3 n.1 (N.D. Ga. Sept. 29, 2011).[7]

Here, the Court's consideration of the deposition transcript attached to Plaintiffs' brief is similarly improper, and it should be excluded. *E.g.*, *Horsley*, 304 F.3d at 1136 n.6 (refusing to consider "New York Times article and forty emails he received" submitted to oppose a Rule 12(c) motion). Homeward has not presented any materials outside the scope of the pleadings.[8] Plaintiffs also have not requested that this motion be converted to one for summary judgment. Because this issue can and should be resolved on Plaintiffs' allegations alone, such conversion would be inappropriate.

---

[7] "[N]ot considering such matters [i.e. matters outside the pleadings] is the functional equivalent of excluding them—there is no more formal step required" from the Court. *Harper v. Lawrence Cnty., Ala.*, 592 F.3d 1227, 1232 (11th Cir. Ala. 2010) (affirming district court's refusal to consider matters outside the pleadings) (internal quotation marks omitted).

[8] Additionally, the Court ordered Homeward to produce a Rule 30(b)(6) witness on the issue of wrongful foreclosure based on the deposition of attorney Matthew Waters, which Plaintiffs, not Homeward, submitted. Plaintiffs fail to mention that, as an attorney who examined the title records, he testified, "It is my position that the title was ***not defective***." Waters Depo. 20: 7-8 (Dkt. No. 101) (emphasis addded). Although this evidence should not factor into the 12(c) analysis, and is properly excluded here, it further underscores Plaintiffs' attempt to conduct a fishing expedition based on an insufficient complaint. *Porter v. Ray*, 461 F.3d 1315, 1324 (11th Cir. 2006); *A.B. v. Clarke Cnty. Sch. Dist.*, No. 3:08–CV–041 (CDL), 2009 WL 902038, at *16 n.29 (M.D. Ga. Mar. 30, 2009).

### F.  Plaintiffs Fail to Allege Foreclosure-Related Damages

Plaintiffs allege that "[Homeward] is liable to [P]laintiffs for all damages flowing from said wrongful foreclosure" (Am. Compl. ¶ 16), but do not affirmatively state that they incurred any foreclosure-related damages, or what those damages might be.  Plaintiffs contend the damages allegations are sufficient, yet cite no authority for support.  In fact, their response brief offers no illumination other than to concede that any such damages are—at best—"downstream from the foreclosure."  Pls.' Br. at 9-10.  But, all damages Plaintiffs identify are from unrelated, post-foreclosure, "property preservation" allegations, and are necessarily tied to their other causes of action.  *Id.* ¶¶ 7-14.  *See also Sellers v. Bank of Am., Nat'l Ass'n*, No. 1:11–CV–3955–RWS, 2012 WL 1853005, at *3 (N.D. Ga. May 21, 2012) (dismissing claims for attempted wrongful foreclosure when "Plaintiffs have not alleged sufficient facts to show with plausibility that . . . Plaintiffs suffered damages," an "essential" element to the claim).  Without the essential element of foreclosure-related damages alleged in their Amended Complaint, the claim should be dismissed.

### G.  Plaintiffs' Rule 12(c) Timing Argument is Wrong

Plaintiffs argue that Homeward's Rule 12(c) motion is time-barred under Local Rule 7.1.  Pls.' Br. at 9.  This argument fails for four reasons.  First,

Plaintiffs fail to address that their timing argument violates the explicit text of Federal Rule 12(c). Rule 12(c) states that "after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Plaintiffs do not contend that trial would be delayed, nor could they. Summary judgment motions are not yet due, and no trial date has been set. Second, Plaintiffs' interpretation places Local Rule 7.1 in direct conflict with Rule 12(c). *Cf. Villano v. City of Boynton Beach*, 254 F.3d 1302, 1310-11 (11th Cir. 2001) (a local rule cannot conflict with a statutory right); Fed. R. Civ. P. 83(a)(1) ("A local rule must be consistent with . . . federal statutes and rules.").

Third, Plaintiffs cite no cases to support their novel timing argument, and the Court should decline to forge such new ground. Rather, Chief Judge Carnes has ruled on a Rule 12(c) motion filed well after the 30-day deadline Plaintiffs cite as controlling. *JPMorgan Chase Bank, N.A. v. Sampson*, No. 1:10-CV-1666-JEC, 2012 WL 949698, at *7 (N.D. Ga. Mar. 20, 2012) (addressing case in which complaint was filed May 28, 2010 and Rule 12(c) motion was filed March 21, 2011, a much longer time frame than at issue here). Fourth, although the timing of Homeward's Rule 12(c) may not be what Plaintiffs consider the "norm," it is "not improper." *Thomas v. Henderson*, 297 F. Supp. 2d 1311, 1314-15 (S.D. Ala. 2003) (finding Rule 12(c) motion timely even when made approximately *2 years*

after service of the complaint).[9]

Here, in contrast to Plaintiffs' property preservation claims, the insufficient wrongful foreclosure claim (added in the Amended Complaint) was not until recently a focus of Plaintiffs' case. It was not at all a part of the settlement conference conducted by the Court. Because the wrongful foreclosure claim is insufficiently pled, Homeward has been discussing with Plaintiffs whether Plaintiffs would voluntarily dismiss the claim. Only on February 25, 2013, did it appear that they would not do so. Although Homeward rejects Plaintiffs' timing argument, to the extent the Court finds that Local Rule 7.1 trumps the language of Federal Rule 12(c), out of an abundance of caution, Homeward respectfully requests permission to file its partial motion for judgment on the pleadings. Granting this request *nunc pro tunc* will not delay trial (which has not been set), will streamline the case to save the parties time and expense, and aligns with the plain text and timing set forth in Federal Rule 12(c).

---

[9] *See also J.D. Benefits, Inc. v. Harrington Wealth Mgmt., Inc.*, No. 1:04-CV-01, 2005 WL 1660561, at *6 n.2 (M.D.N.C. July 13, 2005) ("Here, the discovery period ended on February 15, 2005, and Defendant filed its motion for judgment on the pleadings on March 14, 2005. The motion for judgment on the pleadings was filed before the deadline for filing dispositive motions. Furthermore, the court finds that a ruling on the motion for judgment on the pleadings will not delay trial and will further streamline the litigation.").

## CONCLUSION

Plaintiffs has offered no argument to resuscitate their wrongful foreclosure claim, and Homeward respectfully requests the Court to dismiss the claim.

Respectfully submitted this 28th day of March, 2013.

                                                s/ Jason M. Beach
                                                Lawrence J. Bracken II
                                                Georgia Bar No. 073750
                                                lbracken@hunton.com
                                                Jason M. Beach
                                                Georgia Bar No. 043606
                                                jbeach@hunton.com
                                                Charlotte M. Ritz
                                                Georgia Bar No. 195201
                                                critz@hunton.com

                                                HUNTON & WILLIAMS LLP
                                                Bank of America Plaza, Suite 4100
                                                600 Peachtree Street, N.E.
                                                Atlanta, Georgia  30308-2216
                                                Telephone:  404-888-4000
                                                Facsimile:  404-888-4190

                                                ***Counsel for Homeward Residential, Inc. (formerly known as American Home Mortgage Servicing, Inc.)***

## **CERTIFICATE OF COMPLIANCE**

The undersigned counsel hereby certifies that this brief was prepared using one of the font and point selections approved in LR 5.1, NDGa.

This 28th day of March, 2013.

                                            s/ Jason M. Beach
                                            Jason M. Beach

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of **REPLY IN SUPPORT OF HOMEWARD RESIDENTIAL, INC.'S MOTION TO DISMISS WRONGFUL FORECLOSURE CLAIM** was filed electronically with the Court. Notice of this filing will be sent to all counsel of record via the Court's CM/ECF filing system.

> Carlin J. Phillips, Esq.
> Charles B. Pekor, Jr., Esq.
> David Cox, Esq.
> ***Counsel for Plaintiffs***
>
> Matthew G. Moffett, Esq.
> Jeffery M. Wasick, Esq.
> ***Counsel for Field Asset Services, Inc.***
>
> David E. Gevertz, Esq.
> Kathryn J. Hinton, Esq.
> ***Counsel for Defendant Michael Environmental, LLC***

This 28th day of March, 2013.

> s/ Jason M. Beach
> Jason M. Beach